IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGARET GAUGHRAN,<br><br>　　Plaintiff,<br><br>vs.<br><br>RED MOUNTAIN RESORT AND SPA, INC.; DEREK CUMMINGS; et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO ORDER ON ATTORNEYS' FEES<br><br><br>Case No. 2:02-CV-542 TS |

　　Defendant Red Mountain Resort and Spa, Inc., (Red Mountain) objects to the Magistrate Judge's June 6, 2005 Order on Motion for Sanctions[1] awarding it $2,500 in expenses, including attorneys fees, incurred in its motions regarding its co-defendant Cumming's discovery performance. Finding no abuse of discretion, the court will overrule the Objection and affirm the Magistrate Judge's decision.

　　Red Mountain filed the present Objection eight days after requesting that the Magistrate Judge reconsider his order awarding the attorneys fees.[2] The basis of the

---

[1]Docket No. 85.

[2]Docket No. 87.

Motion to Reconsider was the same basis for the present Objection–that the Magistrate Judge did not use the lodestar formula in awarding the attorneys fees. Red Mountain contends that under the lodestar formula, it should have been awarded $7,808.10 in fees instead of the $2,500 awarded.

On July 7, 2005, the Magistrate Judge denied Red Mountain's Motion to Amend for the following reason:

> The standards cited by movant are correct; however, the award of less than was calculated by the "lodestar" method was based on the less than absolute culpability of Cummings. In the view of the magistrate judge, some confusion and challenge in obtaining records is not unusual or cuplable, particularly given the distances involved. While Cummings' cooperation and compliance with discovery duties fell short of acceptable standards, those failures were not the sole cause of the difficulty in obtaining the records. While there is no doubt that Red Mountain incurred and paid the attorney's fees itemized and that the amount is reasonable under local standards, the magistrate judge felt and feels that the entire burden should not be shifted to Cummings.[3]

A magistrate judge's award of attorneys fees in connection with a discovery motion is a non-dispositive matter. For such non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[4] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5]

As part of a sanction under Fed. R. Civ. P. 37(b)(2), the magistrate judge shall

---

[3] *Id.*

[4] 28 U.S.C. § 636(b)(1)(A).

[5] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

award "reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  "Sanctions under . . . Rule 37(b)(2) must be in the interests of justice and proportional to the specific violation of the" rule.[6]

Red Mountain contends that once the Magistrate Judge found there had been a violation, he was required to award the full amount of requested fees under the lodestar formula, arrived at by "multiplying the number of hours counsel reasonably spent" on the issue "by a reasonable hourly rate."[7]

In his Order denying Red Mountain's Motion for Reconsideration, the Magistrate Judge gave a clear and adequate explanation for his decision to award only part of the requested fees.  The Magistrate Judge specifically found that the Cummings was less than absolutely culpable, the problems were partly caused by challenges and confusion in obtaining records from some distance, and Cummings' failures to meet his responsibilities under the discovery rules were not the sole cause of difficulties in obtaining the records.[8]  Accordingly, the Magistrate Judge found that the entire burden of Red Mountain's expenses incurred with obtaining the records should not be shifted to Cummings.

The Magistrate Judge is very familiar with this case and the circumstances of the Motion to Compel.  It was well within the Magistrate Judge's discretion to make the findings and the Court finds them fully supported by the record.  The Court finds that the

---

[6]*Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1557 (10th Cir. 1996)

[7]*Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).

[8]Docket No. 97.

requirement that awards of fees under Rule 37(b)(2) be just and proportional allows consideration of the type of factors relied upon by the Magistrate.  The Court finds no error of fact or law in the ruling.   It is therefore

ORDERED that Defendant Red Mountain's Objection to Order on Attorneys' Fees (Docket No. 92) is OVERRULED and the Magistrate Judge's Orders on Attorneys Fees (Docket No. 85) and (Docket No. 97) are AFFIRMED IN FULL.

DATED  October 31, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge